**COPY**

**FILED**

COWAN, DEBAETS, ABRAHAMS &
SHEPPARD, LLP
STEVEN M. WEINBERG (SBN 235581)
30765 Pacific Coast Highway, Suite 411
Malibu, CA 90265
Tel: 310.457.6100
Fax: 310. 457.9555
Email: SMWeinberg@cdas.com

Attorneys for Plaintiff
Everbridge, Inc.

2010 FEB 22 PM 12:43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EVERBRIDGE, INC., a California
corporation,

  Plaintiff,

vs.

CONVERGENT MOBILE, INC., a
California corporation,

  Defendant.

CASE NO. **CV10 1302** JFW PLAx

**COMPLAINT FOR SERVICE
MARK INFRINGEMENT, UNFAIR
COMPETITION, USE OF FALSE
REPRESENTATIONS AND
STATEMENTS IN COMMERCE,
AND UNJUST ENRICHMENT**

Plaintiff Everbridge Productions ("Everbridge"), by its undersigned counsel,
hereby brings the following Complaint against Defendant and avers as follows:

## NATURE OF THE CLAIMS

1.     This is an action for infringement of federally protected service marks under
Section 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); for the

1

COMPLAINT FOR SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

use of false designations and representations in commerce and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); for statutory unfair competition under Cal. Bus. & Prof. Code § 17200, *et seq.*; for common law unfair competition and service mark infringement; and for unjust enrichment.

## PARTIES

2.    Everbridge, Inc. ("Plaintiff" or "Everbridge") is a California corporation with its principal place of business at 505 N. Brand Blvd., Suite 700, Glendale, CA.

3.    Upon information and belief, Defendant Convergent Mobile, Inc. ("Defendant" or "Convergent") is a California corporation with its principal place of business at 870 Knight Street, Sonoma CA and at all relevant times as done and now does, and has transacted and now transacts business in this District.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. §1121, and 28 U.S.C. §§1331 and 1338, and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5.    This Court has personal jurisdiction over the Defendant because Defendant solicits, transacts and does business within this judicial District. Accordingly, venue is proper in this District under 28 U.S.C. §1391(b) and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL CLAIMS

6.    At all relevant times, Everbridge, formerly 3N Global, Inc., has been in the business of providing products and services related to emergency and incident notification and communication.

7.     Everbridge is the owner of the federally registered service mark AWARE® for "outcall mass notification services through all communication devices, including telephone, email, text messaging, instant messaging, desktop, fax, smartphones, and PDAs," registered under Reg. No. 3712080 for these services (the "AWARE® Mark").

8.     The AWARE® Mark for Everbridge's services is inherently distinctive and has acquired secondary meaning.

9.     Everbridge also has been the owner since 2005 of the mark INSTACOM for outcall mass notification services through all communication devices, and has been the the owner of and used the domain name www.instacom.com (the "INSTACOM Mark") for more than five years.

10.    The INSTACOM Mark for Everbridge's services is inherently distinctive and has acquired secondary meaning.

11.    The INSTACOM and AWARE® Marks, through advertising, promotion and the sale of the services under these marks are well-known service marks for these services exclusively associated by the trade and the relevant public with Everbridge in and outside of this District. The INSTACOM and AWARE® Marks represent enormous goodwill, which belongs exclusively to Everbridge, and are valuable assets of Everbridge.

### Defendant's Offensive and Unlawful Acts

12.    Defendant is in the business of providing mobile communication products and services, including notification and communication services that compete with Everbridge's products and services.

13.    In or about April 2009, Everbridge (then 3N Global, Inc.) discovered that Defendant had started using the service mark INSTACOM for notification services that were directly competitive with Everbridge's INSTACOM services. Everbridge sent a

cease and desist letter dated April 24, 2009 to the then CEO of Convergent demanding that Convergent cease and desist using the infringing INSTACOM mark.

14.   On or about April 24, 2009, Defendant's CEO responded that Convergent would permanently cease using the INSTACOM mark and would begin using another mark.

15.   On or about April 24, 2009, Everbridge began using the AWARE® Mark.

16.   In late May 2009, well after Everbridge had begun using the AWARE® Mark and conspicuously displaying it on its website and marketing materials, Everbridge discovered that Defendant had changed the infringing INSTACOM Mark to INSTAWARE, thus combining the INSTA- portion of Everbridge's INSTACOM Mark with Everbridge's AWARE® Mark.

17.   Everbridge has demanded that Defendant cease this unlawful activity but Defendant has refused to do so.

18.   Everbridge subsequently learned that in January 2010 Defendant had filed with the United States Patent and Trademark Office an application to register INSTAWARE for outcall notification services, and in doing so falsely claimed to the US Patent and Trademark that it first used the INSTAWARE mark in commerce in March 2009.

19.   Defendant's use of the INSTAWARE Mark and its attempt to federally register that Mark for its directly competitive notification and communication services is causing Plaintiff irreparable harm for which it has no adequate remedy at law.

20.   Defendant's infringing and unfairly competitive activities as alleged herein are willful and intentional. Defendant had knowledge (a) of Everbridge's business, (b) of Everbridge's INSTACOM mark, (c) of Everbridge's federally registered AWARE® Mark, and (d) that it had been charged with infringement of Everbridge's INSTACOM Mark and had agreed to choose another mark that would not violate Everbridge's exclusive rights. Notwithstanding all of the foregoing, it intentionally and unjustifiably has adopted a mark containing Everbridge's AWARE® Mark combined with the INSTA-portion of Everbridge's INSTACOM Mark.

## **FIRST CLAIM FOR RELIEF**

### **(Service Mark Infringement under Section 32(1) of the Lanham Act)**

21.   Plaintiff Everbridge hereby realleges and incorporates all previous allegations of this Complaint.

22.   Defendant's use of the INSTAWARE mark for its competitive services creates the likelihood that members of the relevant public will be confused into mistakenly believing that Defendant's services offered under the INSTAWARE mark is in some manner associated or connected with Everbridge and its services offered under the AWARE® Mark.

23.   Defendant's use of the INSTAWARE mark violates Everbridge's exclusive rights under Section 32(1) of the Lanham Act, 15 U.S.C.§1114(1) in the federally registered AWARE® Mark.

24.   Defendant's conduct complained of herein was and is intentional and willful. Defendant's conduct complained of herein has damaged Everbridge and, unless enjoined, will continue to damage and cause irreparable injury to Everbridge's reputation and goodwill. Everbridge has no adequate remedy at law.

## **SECOND CLAIM FOR RELIEF**

**(Service mark Infringement under Section 43(a) of the Lanham Act)**

24.   Plaintiff Everbridge hereby realleges and incorporates all previous allegations of this Complaint.

25.   Defendant's use of the INSTAWARE mark for its competitive services creates the likelihood that members of the relevant public will be confused into mistakenly believing that Defendant's services offered under the INSTAWARE mark is in some manner associated or connected with Everbridge and/or the services associated with Everbridge's INSTACOM and AWARE® Marks.

26.   Defendant's acts as complained of herein constitute service mark infringement of Everbridge's INSTACOM and AWARE® Marks under Section 43(a) of the Lanham Act, 15 U.S.C.§1125(a).

27.   Defendant's conduct complained of herein was and is intentional and willful. Defendant's conduct complained of herein has damaged Everbridge and, unless enjoined, will continue to damage and cause irreparable injury to Everbridge's reputation and goodwill.  Everbridge has no adequate remedy at law.


## THIRD CLAIM FOR RELIEF

**(False Designations of Origin and False Representations in Commerce under Section 43(a) of the Lanham Act)**

28.   Everbridge hereby realleges and incorporates all previous allegations of this Complaint.

29.   Defendant's use of the INSTAWARE mark per se and coupled with its prior infringing use of the INSTACOM mark constitutes the use of false designations in commerce and false representations in commerce in that members of the relevant public will be confused into mistakenly believing that Defendant's services offered under the INSTAWARE mark are in some manner associated with Everbridge and/or the services associated with Everbridge's INSTACOM and AWARE® Marks.

30.     The acts committed by Defendants as described herein are in violation of Section 43(a) of the Lanham Act, 15 U.S.C.§1125(a).

31.     Defendant's unlawful acts are and were intentional and willful and have damaged Everbridge and, unless enjoined, will continue to damage and cause irreparable injury to Everbridge.  Everbridge has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Federal Unfair Competition under Section 43(a) of the Lanham Act)

32.     Everbridge hereby realleges and incorporates all previous allegations of this Complaint.

33.     Defendant's unlawful conduct as complained of herein constitutes unfair competition in that it creates the likelihood that members of the relevant public will be confused into mistakenly believing that the services offered by Defendant under the INSTAWARE mark are in some manner associated or connected with Everbridge and/or the services associated with Everbridge's INSTACOM and AWARE® Marks.

34.     Defendant's conduct as complained of herein constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C.§1125(a).

35.     Defendant's conduct complained of herein was and is intentional and willful. Defendant's conduct complained of herein has damaged Everbridge and, unless enjoined, will continue to damage and cause irreparable injury to Everbridge's reputation and goodwill.  Everbridge has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition and Service Mark Infringement)

36.     Everbridge hereby realleges and incorporates all previous allegations of this Complaint.

7

COMPLAINT FOR SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

37.   Defendant's unlawful conduct as complained of herein constitutes unfair competition and service mark infringement under the common law of the State of California in that it creates the likelihood that members of the relevant public will be confused into mistakenly believing that the services offered by Defendant under the INSTAWARE mark are in some manner associated or connected with Everbridge and/or the services associated with the INSTACOM and AWARE® Marks.

38.   Defendant's conduct as complained of herein constitutes unfair competition and service mark infringement under the common law of the State of California.

39.   Defendant's conduct complained of herein was and is intentional and willful. Defendant's conduct complained of herein has damaged Everbridge and, unless enjoined, will continue to damage and cause irreparable injury to Everbridge's reputation and goodwill. Everbridge has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

**(Statutory Unfair Competition under Cal. Bus. & Prof. Code § 17200, *et seq.*)**

40.   Everbridge hereby realleges and incorporates all previous allegations of this Complaint.

41.   Defendant's conduct as alleged herein is likely to cause injury to Everbridge's reputation which results in Defendant unfairly competing with Plaintiff in violation of California Business and Profession Code §17200, *et seq.*   Defendant's conduct constitutes unlawful, unfair and fraudulent business practices under Section 17200.

42.   Defendant's conduct as alleged herein has injured Everbridge and unless enjoined will continue to cause great, immediate and irreparable injury to Everbridge.

43.   Defendant's acts of infringement, use of false designation of origin, use of false and misleading representations, and unfair competition have caused, and will

continue to cause, irreparable harm and injury to Everbridge unless retrained by this Court.

44.    Plaintiff is entitled to an order pursuant to Section 17203 of the California Business and Professions Code awarding to Everbridge any money or property which may have been acquired by Defendant by means of its acts constituting unfair competition, including, but not limited to, disgorgement of any benefits conferred upon Defendant as a result of its violations of law.

## SEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment)

45.    Everbridge hereby realleges and incorporates all previous allegations of this Complaint.

46.    As a result of its unlawful conduct, Defendant has been unjustly enriched at the expense of Everbridge and the law thereby implies a contract by which the Defendant must pay to Everbridge the amount by which, in equity and good conscience, the Defendant has been unjustly enriched at the expense of Everbridge.

## PRAYER FOR RELIEF

WHEREFORE, Everbridge prays:

A.    For judgment that Defendant:

(1)    has violated Section 32(1) of the Lanham Act;

(2)    has violated Section 43(a) of the Lanham Act;

(3)    has violated Cal. Bus. & Prof. Code § 14330

(4)    has engaged in unfair competition and service mark infringement under the common law of the State of California;

(5)    has violated Cal. Bus. & Prof. Code § 17200, *et seq;* and

1    (6)    has been unjustly enriched at the expense of Everbridge .

2    B.    For temporary, preliminary and permanent injunctions, restraining and
3    enjoining the Defendant, and its agents, employees, representatives, servants, successors,
4    assigns,  and all those acting under their control or the control of any of the foregoing
5    persons and/or on their behalf and/or in concert with them, from continuing to use the
6    INSTAWARE Mark, and from otherwise unfairly competing with Everbridge.

7    C.    That Defendant be required to pay Everbridge such damages as Everbridge
8    has sustained by reason of the aforementioned violations to the full extent provided for
9    by Sections 32(1) and 43(a) of the Lanham Act, and that those damages be trebled
10   pursuant to 15 U.S.C. §1117 in view of the willfulness of Defendant's actions.

11   D.    Directing that Defendant withdraw with prejudice U.S. Patent and
12   Trademark Office application Serial No. 77911425 for the mark INSTAWARE.

13   E.    Directing Defendant or its attorneys to file with this Court and serve upon
14   Everbridge's counsel within 30 days of entry of judgment a report in writing under oath
15   setting forth in detail the manner and form in which the Defendant has complied with the
16   requirements of the injunction and order.
17

18   F.    That Everbridge be awarded all of Everbridge's costs in this action,
19   including Everbridge's reasonable attorneys' fees and expenses;

20   G.    That Defendant be required pursuant to section 17203 of the California
21   Business and Professions Code to disgorge and turn over to Everbridge any money or
22   property which may have been acquired by Defendant by means of its acts constituting
23   unfair competition, including, but not limited to, disgorgement of any benefits conferred
24   upon Defendants as a result of its violations of law.

25   H.    That Defendant pay to Everbridge the amount by which, in equity and good
26   conscience, the Defendant has been unjustly enriched at the expense of Everbridge.

27

28

COMPLAINT FOR SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

I.     That Everbridge be awarded such other and further relief as may be deemed just and proper by this Court.

DATED: February 22, 2010

COWAN, DEBAETS, ABRAHAMS &
SHEPPARD, LLP

By _____

Steven M. Weinberg

Attorneys for Plaintiff
Everbridge, Inc.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Proof of Service

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY


This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV10- 1302 JFW (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

**[X] Western Division**
   312 N. Spring St., Rm. G-8
   Los Angeles, CA 90012

**[_] Southern Division**
   411 West Fourth St., Rm. 1-053
   Santa Ana, CA 92701-4516

**[_] Eastern Division**
   3470 Twelfth St., Rm. 134
   Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**ORIGINAL**

Name & Address:
STEVEN M. WEINBERG
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
30765 Pacific Coast Highway, Suite 411
Malibu, California 90265

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EVERBRIDGE, INC., a California corporation,

PLAINTIFF(S)

v.

CONVERGENT MOBILE, INC., a California corporation

DEFENDANT(S).

CASE NUMBER

CV10 1302 JFW PLA

**SUMMONS**

TO:   DEFENDANT(S): CONVERGENT MOBILE, INC.

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Steven M. Weinberg _____, whose address is 30765 Pacific Coast Highway, Suite 411 Malibu, California 90265 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____

FEB 2 2 2010

By: _____

**CHRISTOPHER POWERS**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| EVERBRIDGE, INC., a California corporation | CONVERGENT MOBILE, INC., a California corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP<br>30765 Pacific Coast Highway, Suite 411<br>Malibu, California 90265 | STEPHEN PEARY<br>P.O. Box 5608<br>Carefree, Arizona 85377 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1051 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 440 Other Civil Rights | | |

**CV10 1302**

**FOR OFFICE USE ONLY:**     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sonoma County |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date 02/22/10

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |